UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUTHER C. THOMAS, | Civil Action No. 14-0828 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, et al. | |
| Respondents. | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Luther C. Thomas, for relief under 28 U.S.C. § 2254. The Court has considered the Petition, the records of proceedings in this matter, Respondents' Answer, and Petitioner's Traverse. It appearing:

1. Upon the Court's review, it appears that all claims in the Petition are time-barred by the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of

justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4. The Petition contains challenges to two separate convictions, for armed robbery and murder, in the state court. Based on the Court's review of the Petition and the Answer, it appears that the Petition is statutorily time-barred. According to the record, the New Jersey Supreme Court ultimately denied certification of Petitioner's direct appeal for both convictions on January 12, 2007. *State v. Thomas*, 189 N.J. 427 (2007). Because the period of direct review includes the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court, *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012), Petitioner's convictions became final on April 12, 2007, which started his AEDPA limitations period. Petitioner did not file his PCR applications for both convictions until March 27, 2008, (Pet'r's Robbery PCR Br. 1, ECF No. 12-14; Pet'r's Murder PCR Br. 1, ECF No. 12-35), so his limitations period for both convictions ran for 350 days.

5. Both of Petitioner's PCR applications were denied on November 15, 2010. (Order Denying Robbery PCR, ECF No. 12-17; Order Denying Murder PCR, ECF No. 12-38.) Although it appears that Petitioner filed an appeal challenging both denials, the Court cannot discern when such appeal

was filed. *See State v. Thomas*, Indictment No. 00-11-1283, 2013 WL 1222740 (N.J. Super. Ct. App. Div. Mar. 27, 2013). Regardless, the PCR denials were affirmed, and certification of the appeal was denied on October 25, 2013. *State v. Thomas*, 216 N.J. 14 (2013). Because 350 days had already run from Petitioner's limitations period, he had 15 days, or until November 9, 2013, to file the instant Petition. The instant Petition was not filed until February 6, 2014, (*see* Pet. 20, ECF No. 1), making it untimely.

6. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why any of the delays detailed above should be excused and equitably tolled. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

**IT IS** therefore on this 16th day of August, 2016,

**ORDERED** that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); it is further

**ORDERED** that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
Michael A. Shipp
United States District Judge