**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUTHER C. THOMAS, | : | |
| Petitioner, | : | Civil Action No. 14-828 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Luther C. Thomas, for relief under 28 U.S.C. § 2254. After the Court reviewed the Petition, the records of proceedings in this matter, Respondents' Answer, and Petitioner's Traverse, the Court issued a show-cause order directing Petitioner to show cause as to why the Petition should not be denied as time-barred. (Order, Aug. 16, 2016, ECF No. 16.) Presently before the Court is Petitioner's response. (ECF No. 17.)

Petitioner argues for equitable tolling in his response, alleging that he filed the Petition on February 6, 2014 because he was misled by his public defender to believe that he could file the instant Petition within one year of the New Jersey Supreme Court's denial of his post-conviction relief, which occurred on October 25, 2013 (*see* Order 3, Aug. 16, 2016). The Court agrees that the public defender's comment may have been misleading. (*See* Pet'r's Resp. 10, ECF No. 17 ("This [federal habeas] petition must be filed within one year of the date on the enclosed order of the New Jersey Supreme Court.")

However, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d

Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). The Third Circuit has even found equitable tolling unwarranted when an attorney *promised* to, but ultimately did not, file an appeal. *See Schlueter*, 384 F.3d at 76-77. Indeed, as the Supreme Court has held, an attorney's miscalculation of the filing deadline is not a ground for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("[The petitioner] argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

As to Petitioner's argument that his own ignorance of the law contributed to his inability to recognize the public defender's mistake, ignorance of the law is also not a ground for equitable tolling. *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"). As such, the Court finds that Petitioner is not entitled to equitable tolling based on his public defender's misstatement.

Because the Court raised the timeliness issue *sua sponte*, the Court must now analyze whether denial on the statute of limitations ground would unduly prejudice Petitioner. (*See* Order 1-2, Aug. 16, 2016 (citing *Day v. McDonough*, 547 U.S. 198, 209 (2006); *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005)).) In determining what constitutes prejudice, courts

should consider whether the defense would "(i) require the [aggrieved party] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [aggrieved party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, there is no prejudice to Petitioner in denying his Petition as time-barred. No discovery has occurred in this case, and no discovery request has been filed with the Court. Indeed, ordinarily, discovery is not allowed in § 2254 cases unless the Court finds good cause to authorize it. *See* Rule 6, Rules Governing Section 2254 Cases; *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011). The delay in raising the statute of limitations issue also does not affect Petitioner's rights in any other case; this Court is the only court with jurisdiction to adjudicate Petitioner's habeas claims. Petitioner also made no showing that his ability to defend his case was impaired. The Court provided Petitioner with the opportunity to respond to the timeliness argument and, in response, Petitioner argued for equitable tolling. The Court, accordingly, finds no prejudice to Petitioner in denying the Petition as time-barred, and the Petition is denied for the reasons articulated in the Court's August 16, 2016 Order.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge

Date: 1/31/17

4